# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT

OCT 16, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Emmanuel Zermano et al.,

    Plaintiffs,

v.

United Here Local 11 et al.,

    Defendants.

17-cv-03055 VAP (PLAx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. NO. 17) AND REMANDING FOR LACK OF SUBJECT-MATTER JURISDICTION**

  On August 11, 2017, Defendant United Here Local 11 ("Local 11") filed a motion to dismiss the first claim in Plaintiffs' First Amended Complaint ("Motion"). (Doc. No. 17.) Pursuant to Local Rule 7-9, Plaintiffs Emmanuel Zermeno and David Guardado ("Plaintiffs") were required to file their opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion," on August 21, 2017. See L.R. 7-9. Plaintiffs did not file an opposition.[1]

  Under Local Rule 7-12, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. As Plaintiffs have failed to file any opposition to Defendant's Motion, the Court deems Plaintiffs "consent to the granting . . . of the motion." This is now the second time that Plaintiffs have failed to oppose a motion to dismiss. (See Doc. No. 12 at 6-8 (granting motion to dismiss for failure by Plaintiffs to file an opposition).) Accordingly, Defendant's Motion is GRANTED and Plaintiffs' First Claim for Violation of the Duty of Fair Representation against Defendant Local 11 is DISMISSED WITH PREJUDICE.

---

[1] On August 30, 2017, Plaintiffs filed a document titled "Notice of Motion to Dismiss Cause of Action Opposition." This document was one page and appeared to be a "Configuration Page" for a RICOH Aficio MP 5500 computer printer. (Doc. No. 18.) This document was stricken. (Doc. No. 20.)

1

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The burden of establishing jurisdiction rests on the Plaintiff as the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly. Fed. R. Civ. P. 12(h)(3). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . ."); Kennedy v. Nat. Balance Pet Foods, Inc., 361 F. App'x 785, 787 (9th Cir. 2010) ("Section 1447(c) of Title 28, which applies to cases removed from state court, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' This provision is mandatory.").

Under 28 U.S.C. § 1331, the Court has jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

A party may also invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. For the purpose of establishing diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1).

Here, Local 11 removed the action on the basis of subject matter jurisdiction. (Doc. No. 1 at 2-4.) In granting granted Local 11's Motion, this Court no longer has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 since the only remaining claim is Breach of Contract– a California state law claim. Furthermore, the allegations in Plaintiffs' First Amended Complaint suggest that W.H. Hotels is a citizen of California. (Doc. No. 13 at ¶4("Defendant, W.H. Grand Hotel is a hotel located at 333 S. Figueroa St., Los Angeles, California").) Plaintiffs' First Amended Complaint is silent as to the citizenship of Plaintiffs and the amount in controversy. Accordingly, it is not clear whether the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the Court finds it lacks subject matter jurisdiction over this matter and REMANDS this matter to the Superior Court of the State of California for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated: 10/16/17

Virginia A. Phillips
Chief United States District Judge